UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK
--------------------------------------------------------x
OLGA KAMAMIS

                  Plaintiff,                            AMENDED COMPLAINT

    - against -                              JURY TRIAL DEMANDED

THE CITY OF NEW YORK,            13 CV 844 (BMC)
KYLE FERGUSON, ALICIA MANZER
and JOHN DOE
Officers of the New York City Police Department
(The names being fictitious   being  unknown to Plaintiff)

                  Defendants.
--------------------------------------------------------x

       Plaintiff OLGA KAMAMIS  through her attorney WARREN S. HECHT, Esq.,

complaining of the Defendants, alleges:

<u>**JURISDICTION**</u>

      1. This is an  action for violation of federally protected rights  brought pursuant to 42

U.S.C. 1983 to redress the deprivation under the ordinance, custom and usage of all rights,

privileges and immunities secured to the Plaintiff by the   Fourth, Eighth  and Fourteenth

Amendments to the Constitution of the United States, and by 42 United States Code Sections

1983,1985,1986 and 1988, and all the laws and statutes thereunder as well as violations under

state law.

        2. The jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 and Section

1343,  the aforementioned statutory and Constitutional provisions and 28 U.S.C. Section 1367

for the pendent state law claim.

## PARTIES

3. Plaintiff OLGA KAMAMIS is a resident of and is domiciled in the State of New York, Nassau County.

4. At the time of the events mentioned infra the Plaintiff was a resident of and was domiciled in the State of New York, Nassau County.

5. Upon information and belief Defendant THE CITY OF NEW YORK (hereinafter referred to as the "City") is a municipal corporation incorporated under the laws of the State of New York.

6. The New York City Police Department is an agency of the Defendant City.

7. Defendant KYLE FERGUSON is a police officer employed by Defendant City, with a Tax reg. # 911662 and was assigned to the 111th precinct.

8. Defendant ALICIA MANZER is a police officer employed by the defendant City, with the title of Sergeant, shield number #4041 and was assigned to the 111 precinct.

9. JOHN DOE is a police officer employed by the Defendant City.

10. On May 21, 2012 within the period prescribed by law, a sworn Notice of Claim stating among other things, the natures of the claim, the time, place and manner in which the claim arose and the items of damage, with Plaintiff's demand for adjustment were duly served on the Comptroller of the City of New York and that the City refused or neglected for more than ninety days and up to the commencement of this action to make any adjustment or payment thereof.

11. On July 2, 2012 within the period prescribed by law, a sworn Notice of Claim stating among other things, the nature of the claim, the time, place and manner in which the

claim arose and the items of damage, with Plaintiff's demand for adjustment were duly served on the Comptroller of the City of New York and the New York City Police Department  and that the City  refused or neglected for more than ninety days and up to the commencement of this action to make any adjustment or payment thereof.

## FACTS

12.  At all times relevant hereto and in all their actions described herein, the Defendants were acting under color of  law.

13.  On December 14, 2011,  a Temporary Order of Protection  was issued ex-parte by the Family Court Queens County. The Temporary Order of Protection was as a result of a petition brought by John Kamamis against  the Plaintiff Olga Kamamis.

14. The first appearance in Family Court was scheduled for February 22, 2012.

15. On December 19, 2011, the Plaintiff was served with a summons, petition and a Temporary Order of Protection by the Nassau County Sheriff Department.

16. An affidavit of service was prepared and filed in Family Court Queens County.

17.  On or about January 24, 2012 the Defendant Police Officer Ferguson contacted the Plaintiff. During said conversation, the Plaintiff indicated to Defendant  Police Officer Ferguson that the claim that she had violated an order of protection was false.

18.  At no time during said conversation did the Defendant  Police Officer Ferguson indicate what date the alleged conduct occurred or ask the Plaintiff when she was served with the Temporary Order of Protection.

19.  On February 22, 2012, while outside the courtroom in Family Court, Queens County at approximately 10:40 A.M.  the Plaintiff was arrested and seized by Defendant Police

−3−

Officer Ferguson and Defendant Sergeant Alicia Manzer.

20.  Said arrest was made  without  probable cause.

21. Upon information and belief, prior to said arrest  Defendant Police Officer Ferguson  never made any attempt to conduct an investigation to determine whether  the Plaintiff had been served with the Order of Protection prior to the alleged criminal conduct.

22. Upon information and belief, prior to said arrest  Defendant Sergeant Manzer never made any attempt to conduct an investigation to determine whether  the Plaintiff had been served with the Order of Protection prior to the alleged criminal conduct.

23. Upon information and belief that if John Kamamis had  told  a police officer that on December 15, 2011 the Order of Protection had been served by the Nassau County Sheriff Department, that  prior to the  arrest of the Plaintiff,  the Defendant Police Officer Ferguson never made any investigation as to the truth of said claim such as inter-alia  checking  with the Family Court, Nassau County Sheriff Department or with other  entities or searching information  available to the defendant  to verify that the Order of Protection had been served prior to the alleged criminal conduct.

24. Upon information and belief that if John Kamamis had told a police officer  that on December 15, 2011 the Order of Protection had been served by the Nassau County Sheriff Department, that prior to the arrest of the Plaintiff,  the Defendant Sergeant Manzer  never made any investigation as to the truth of said claim such as inter-alia  checking  with the Family Court, Nassau County Sheriff Department or with other  entities or searching  information  available to the defendant  to verify that the Order of Protection had been served  prior to the alleged criminal conduct.

25. The plaintiff was imprisoned until February 23, 2012 at night when the plaintiff appeared in criminal court and was then released on her own recognizance. An Order of Protection was issued by the criminal court. This was the first time that the Plaintiff was informed of the specific details of said violation including when it occurred.

26. On the morning of February 23, 2012, the Plaintiff while incarcerated, had a severe migraine headache and vomited. The plaintiff was also had pain in her lower back.

27. On February 22, 2012, a criminal complaint was filed by Police Officer Ferguson against the Plaintiff under Docket No. 2012QN01061. The criminal complaint alleged that the Plaintiff committed the crime of criminal contempt in the second degree.

28. The plaintiff was innocent of the charge.

29. Said action was commenced without probable cause and with actual malice.

30. In the criminal complaint the Defendant Police Officer Ferguson indicated that he was informed by John Kamamis that on December 18, 2011 between 10:00 A.M. and 11:25 A.M. the Plaintiff came to the home and requested that he open the door and then she slid eviction papers under the door.

31. In the criminal complaint Defendant Police Officer Ferguson wrote that he reviewed the Order of Protection and that the Plaintiff admitted that she was aware of said Order of Protection.

32. The Order of Protection indicated that it was issued Ex-Parte.

33. The Defendant Police Officer Ferguson did not indicate in the criminal complaint when the Plaintiff first became aware of the Order of Protection.

34. The Defendant Police Officer Ferguson did not indicate in the criminal complaint

as to when the Plaintiff was served with the Order of Protection.

35. After the Plaintiff was arrested and while she was detained, Defendant  Police Officer Ferguson was told by Mr. Joseph Grego that the Plaintiff had not been served with the Order of Protection  prior to the alleged criminal conduct.

36. After the Plaintiff was arrested and while she was detained, Defendant Police Officer Ferguson, in the presence of Joseph Grego,  went to look at his computer and  told Joseph Grego that the information on the screen indicated that the Plaintiff had been served with the Order of Protection on December 14, 2011.

37. When Joseph Grego asked to see the screen, Defendant Police Officer Ferguson refused to let him see it.

38.  Defendant Police Officer Ferguson was told by Joseph Grego after the Plaintiff was arrested and while she was detained that the Plaintiff did not come to the door of the home, request that the door be open or slide eviction papers under the door. Joseph Grego served the eviction papers on December 18, 2011.

39. On February 24, 2012, the Plaintiff went and obtained a copy of the certificate of service of the Temporary Order of Protection from the Family Court.

40. The plaintiff, then took said document along with the 10-day Notice to Terminate Tenancy  with the notarized proof of service of papers made on December 18, 2011  to the 111th precinct to show them to the Defendant Police  Officer Ferguson.

41. Joseph Grego went  with the Plaintiff to the precinct and they both spoke with Police Officer Ferguson. The Plaintiff told Police Officer Ferguson that she had not been served with the Order of Protection prior to the alleged criminal conduct. Police Officer responded  "you

can't prove it."

42.  The Plaintiff then attempted to show  a copy of the certificate of service of the Temporary Order of Protection from the Family Court and the 10-day Notice to Terminate Tenancy  with the notarized proof of service of papers made on December 18, 2011 to Defendant Police Officer Ferguson, who refused to look at them.

43.  When Mr. Grego suggested to Defendant  Police Officer Ferguson that he should correct the record to show that the Order of Protection was served by the Nassau County Sheriff on December 19, 2011, Police Officer Ferguson responded that "it was not my  job."

44. On or about  February 25, 2012,  the Plaintiff received a notice from the New York State Education Department and on or about   March 15, 2012 Plaintiff received notice from the New York City Department  of Education that as a result of her arrest she cannot reapply to  work  in the  public schools until they are provided further information as to said arrest and outcome of said case.

45. On or about March 8, 2012,  the Plaintiff received a letter from the New York State Division of Alcoholic Beverage Control that they were informed that she was arrested and requested information concerning same.

46. After the Plaintiff was released she started having nightmares that she would be falsely  arrested again and  placed in a cell.

47. On March 29, 2012, the Family Court dismissed the petition and the Temporary Order of Protection issued by said court was extinguished.

48. After the Plaintiff was released,  she  retained private counsel Warren S. Hecht and subsequently appeared in criminal  court with him on a few occasions. During each

appearance, until the final one, the Criminal Court Order of Protection was continued.

49. By motion dated April 19, 2012, the Plaintiff requested that the Criminal Court inter-alia dismiss the information. The motion was returnable on May 30, 2012. In the motion the Plaintiff attached a copy of the affidavit of service indicating that service of the Temporary Order of Protection was not made until December 19, 2011.

50. Per the Queens District Attorney's Office request, the motion was adjourned. The Queens District Attorney's Office never submitted opposition papers to said motion.

51. On June 29, 2012, the Queens District Attorney's Office made an application to dismiss the case in the interest of justice which was granted by the Court. Said charge was dismissed, the file sealed and the Criminal Court Order of Protection extinguished.

52. Said dismissal was a "favorable termination."

53. As a result of the Queens District Attorney's Office's motion to dismiss which was granted, the Plaintiff's motion inter-alia to dismiss the case was moot.

54. As a result of the Defendants' conduct, Olga Kamamis suffered emotional injuries including mental suffering, humiliation and embarrassment, pain and suffering, physical injuries and incurred expenses including legal fees to defend said charges

**AS AND FOR A FIRST CAUSE OF ACTION
BY PLAINTIFF
AGAINST DEFENDANT KYLE FERGUSON
AND DEFENDANT ALICIA MANZER AND OFFICER
JOHN DOE**

55. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "54" of the complaint and incorporates them herein.

– 8 –

56. The above-mentioned conduct, constituting, inter-alia, false arrest, false imprisonment and malicious prosecution were in violation of Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth, Eighth and Fourteenth Amendments thereof and 42 U.S.C. and §§ 1983 and 1988.

57. The violations of Plaintiff's rights were willful or malicious.

58. The intentional acts by the Defendants were carried out in gross disregard of Plaintiffs' rights or reckless disregard by the Defendants of whether or not their actions violated the Plaintiff's rights.

59. As a result of the Defendants' conduct, Plaintiff Olga Kamamis suffered emotional injuries including mental suffering, humiliation and embarrassment, pain and suffering, physical injuries and incurred expenses including legal fees to defend said charges.

WHEREFORE, Plaintiff Olga Kamamis demands judgment against Defendants Kyle Ferguson, Alicia Manzer and John Doe for Five Hundred Thousand -($500,000.00)-Dollars in compensatory damages, and against Kyle Ferguson and Alicia Manzer and John Doe for Ten-Million-($10,000,000.00)-Dollars in punitive damages with costs and disbursements and reasonable attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION BY PLAINTIFF AGAINST DEFENDANTS ALICIA MANZER AND JOHN DOE
-------------------------------------------------

60. Plaintiff repeats and reiterates each and every allegation contained in paragraphs"1" through "59" of the complaint and incorporates them herein

61. The Defendant Alicia Manzer was present and had a reasonable opportunity to

stop the Defendant Kyle Ferguson from arresting the Plaintiff.

62. The Defendants Alicia Manzer and John Doe had the reasonable opportunity to cause the Plaintiff to be released sooner and have no charges filed against the Plaintiff.

63. The Defendants John Doe and Alicia Manzer's failure to do so violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C.1983, 1985,1986.

64. The Defendants John Doe and Alicia Manzer's failure to intercede was willful, malicious, or in gross disregard of the constitutional rights of the Plaintiff and was done to cause Plaintiff pain and injury.

65. As a result of the Defendants' conduct, Plaintiff Olga Kamamis suffered emotional injuries including mental suffering, humiliation and embarrassment, pain and suffering, physical injuries and incurred expenses including legal fees to defend said charges.

WHEREFORE, Plaintiff demands judgment against Defendants John Doe and Alicia Manzer for Five Hundred Thousand -($500,000.00)-Dollars in compensatory damages, and Ten-Million-($10,000,000.00)-Dollars in punitive damages, together with costs, disbursements, and reasonable attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION
### BY PLAINTIFFS AGAINST DEFENDANT
### THE CITY OF NEW YORK

66. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "65" of the complaint and incorporates them herein.

67. The Defendant City knew "to a moral certainty" that its police officers will confront a given situation, namely whether the person has violated an Ex-parte issued Order of

Protection.

68. In order to decide whether a person violated an Ex-parte issued Order of Protection the police officer has to determine whether the person was served with an Order of Protection prior to the alleged criminal conduct.

69. The wrong determination by the police officer will frequently cause the deprivation of a citizen's constitutional rights.

70. Upon information and belief there was a widespread practice in the New York City Police Department of not checking or not properly checking whether the person was served with an Ex-parte issued Order of Protection prior to the alleged violation said order, resulting in individuals being falsely arrested and prosecuted for violating an Order of Protection.

71. Although the Defendant City was aware of the problem, the Defendant did not adopt training and retraining programs in order to alleviate this problem.

72. Proper training or supervision would have solved the problem.

73. The Defendant City's inadequate training or retraining or supervision constituted a deliberate indifference to the constitutional rights of individuals, including the Plaintiff, with whom the police officers come in contact.

74. The failure of the City to properly to train or supervise its employees to make sure that they must properly check to see whether an Ex-parte issued Order of Protection was served on individuals such as the plaintiff, prior to the alleged violation said Order of Protection, resulted in the Plaintiff being arrested and prosecuted although the record indicates that the Plaintiff was not served with the Order of Protection prior to the alleged violation.

75. As a result of the Defendant's conduct, Plaintiff Olga Kamamis suffered

emotional injuries including mental suffering, humiliation and embarrassment, pain and suffering, physical injuries and  incurred expenses including legal fees to defend said charges.

WHEREFORE, Plaintiff demands judgment against Defendant City   for Five Hundred Thousand -($500,000.00)-Dollars in compensatory damages, and Ten-Million-($10,000,000.00)-Dollars in punitive damages, together with costs, disbursements, and reasonable attorneys' fees.

**AS AND FOR A FOURTH CAUSE OF ACTION
BY PLAINTIFF  AGAINST DEFENDANT KYLE FERGUSON
AND DEFENDANT ALICIA MANZER  AND JOHN DOE
AND CITY OF NEW YORK**

76. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "75" of the complaint and incorporates them herein.

77. The acts and conduct hereinbefore alleged constitute false arrest and imprisonment, malicious prosecution, prima facie tort, negligence and gross negligence under New York State law.

78. That this Court has pendant jurisdiction of this claim.

79.  The defendant City is vicariously liable for the conduct of its employees acting within the scope of their employment.

80. Said employees were acting within their scope of employment.

81. As a result of the Defendants' conduct, Plaintiff Olga Kamamis suffered emotional injuries including mental suffering, humiliation and embarrassment, pain and suffering, physical injuries, loss of possible employment  and  incurred expenses including legal fees to defend said charges.

WHEREFORE, Plaintiff demands judgment against Defendants Kyle Ferguson, City, Alicia Manzer  and John Doe  for Five Hundred Thousand -($500,000.00)-Dollars in compensatory damages, and Ten-Million-($10,000,000.00)-Dollars in punitive damages, together with costs and  disbursements.

### AS AND FOR A FIFTH  CAUSE OF ACTION
### BY PLAINTIFF OLGA KAMAMIS
### AGAINST  DEFENDANTS KYLE FERGUSON,
### ALICIA MANZER , JOHN DOE
### AND CITY OF NEW YORK

82. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "81" of the complaint and incorporates them herein.

83. That the foregoing acts constituted extreme and outrageous conduct that caused Plaintiff   mental and emotional distress.

84. Defendants Kyle Ferguson, Alicia Manzer   and John Doe  intended to cause or recklessly caused Plaintiff mental or emotional distress.

85. That said conduct was improper and in violation of New York State law.

86. That this Court has pendant jurisdiction of this claim.

87. The Defendants Kyle Ferguson, Alicia Manzer and  John Doe were acting within the scope of their employment.

88.  The defendant City is vicariously liable for the conduct of its employees acting within the scope of their employment.

89. As a result of the  Defendants Kyle Ferguson, Alicia Manzer  and John Doe's conduct the  Plaintiff Olga Kamamis  suffered emotional injuries including mental suffering,

humiliation and embarrassment, pain and suffering and physical injuries.

WHEREFORE, Plaintiff Olga Kamamis demands judgment against Defendants

Kyle Ferguson, Alicia Manzer and John Doe and The City for Five Hundred Thousand -

($500,000.00)-Dollars in compensatory damages, and Ten-Million-($10,000,000.00)-Dollars in

punitive damages, together with costs and disbursements.

90. Plaintiff requests trial by Jury.

Forest Hills, N.Y.
May 30, 2013                          -------------------------
                                      WARREN S. HECHT
                                      Attorney for Plaintiff
                                      118-21 Queens Boulevard, Suite 518
                                      Forest Hills, N.Y. 11375
                                      (718) 575-8721
                                      whecht@aol.com